## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ELIZABETH A. HUOVINEN** (f/k/a Elizabeth Taylor), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Ca. No. 07-362 SLR |
| **CITY OF WILMINGTON** and **KENNETH BUKOWSKI**, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

### DEFENDANTS CITY OF WILMINGTON AND KENNETH BUKOWSKI'S MOTION TO AMEND THEIR ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, City of Wilmington and Kenneth Bukowski (collectively "Defendants"), by and through their undersigned counsel, hereby move pursuant to Federal Rule of Civil Procedure 15(a) for an Order granting the Defendants leave to amend their Answer to Plaintiff's First Amended Complaint to include the affirmative defense of failure to exhaust administrative remedies. The grounds for this motion are set forth in Defendants' opening brief filed contemporaneously herewith.

DATED:     December 14, 2007                    **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendants City of Wilmington and Kenneth Bukowski

## CERTIFICATE OF SERVICE

I, Gary W. Lipkin, do hereby certify that on December 14, 2007, I caused to be served a copy of the foregoing document on the following counsel of record via e-filing:

Steven F. Mones, Esq.
Biggs and Battaglia
921 Orange St.
Wilmington, DE 19899

/s/ Gary W. Lipkin (De Bar I.D. No. 4044)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ELIZABETH A. HUOVINEN** | ) | |
| (f/k/a Elizabeth Taylor), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ca. No. 07-362 SLR |
| | ) | |
| **CITY OF WILMINGTON** and | ) | JURY TRIAL DEMANDED |
| **KENNETH BUKOWSKI**, | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED ANSWER OF DEFENDANTS CITY OF WILMINGTON AND KENNETH BUKOWSKI TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, City of Wilmington and Kenneth Bukowski (collectively "Defendants"), by and through their undersigned attorneys, state for their Amended Answer to the First Amended Complaint of Elizabeth A. Huovinen (f/k/a Elizabeth Taylor) ("Plaintiff"), as follows:

### The Parties[1]

1.      Admitted in part, denied in part.  It is admitted that Plaintiff is employed as a firefighter with the Wilmington Police Department.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth in paragraph 1 and therefore deny them.

2.      Admitted.

3.      Denied as stated.  It is admitted only that Mr. Bukowski is a resident of the State of Delaware and is currently employed as a lieutenant with the Wilmington Fire Department.

---

[1] The headings incorporated from the First Amended Complaint are incorporated herein for placement purposes only and are not intended to be statements or admissions of Defendants.

**Jurisdiction and Venue**

4.      Paragraph 4 of the First Amended Complaint consists of Plaintiff's legal conclusions and characterizations of her claims and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 4 are denied.

5.      Paragraph 5 of the First Amended Complaint consists of Plaintiff's legal conclusions and characterizations of her claims and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 4 are denied.

**Background and Facts**

6.      Admitted in part, denied in part.  It is admitted that Plaintiff joined the Wilmington Fire Department in September 2002.  It is denied that Plaintiff is one of six women in the department.

7.      Admitted.

8.      Denied.

9.      Denied.

10.     The allegations of paragraph 10 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

11.     Denied.

12.     To the extent the allegations of paragraph 12 refer to written terms of a document, they are denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.  The balance of the allegations of paragraph 12 are denied.

13.    Admitted in part, denied in part.  It is admitted only that Plaintiff was transferred to Engine Station 6 and that her supervising officer was Lieutenant Martin.  The balance of the allegations of paragraph 13 are denied.

14.    Denied.  By way of further answer, no report relating to the alleged conduct was ever filed by Plaintiff.

15.    Denied as stated.

16.    Denied as stated.

17.    Denied.

18.    Denied as stated.  It is admitted that no action was taken against Lieutenant Bukowski.  It is denied that he took part in the alleged conduct.  By way of further answer, Plaintiff never reported the alleged conduct nor did she otherwise take advantage of any corrective and/or preventative opportunities made available by the City with regard to the alleged conduct.

19.    Denied.

20.    Denied.

21.    Admitted in part, denied in part.  It is admitted only that Mr. Bukowski was promoted from firefighter to lieutenant.  The balance of the allegations of paragraph 21 are denied.

22.    Denied.

23.    Denied.

24.    Denied as stated.  It is admitted only that Plaintiff reported for duty out of uniform on at least one occasion in violation of established rules and regulations.  By way of further answer, reasonable accommodations were always provided for Plaintiff to change into uniform.

25.    Denied as stated.  It is admitted only that Plaintiff took a wrong turn en route to fire scene which Mr. Bukowski, as her immediate supervisor, discussed with her.  The balance of the allegations of paragraph 25 are denied.

26.    Denied.

27.    Denied as stated.  It is admitted only that Mr. Bukowski discussed with Plaintiff the fact that she took the wrong route on the way to a fire scene.  The balance of the allegations are denied.

28.    Denied as stated.

29.    The allegations of paragraph 29 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.  By way of further answer, it is specifically denied that Plaintiff was subjected to a hostile and discriminatory environment as alleged in paragraph 29.

30.    The allegations of paragraph 30 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

31.    Denied as stated.  It is admitted only that both Plaintiff and Mr. Bukowski were transferred from Fire Station 6.

32.    Denied as stated.  It is admitted only that both Plaintiff and Mr. Bukowski were transferred from Fire Station 6.

33.    Denied.

34.    Denied as stated.  It is admitted only that Plaintiff and Mr. Bukowski were reassigned during the pendency of this litigation.

35.    Denied as stated.  It is admitted only that Plaintiff was transferred back to Station 6, Platoon B.

36.    Denied as stated.  It is admitted only that Plaintiff sought a transfer to platoon E6D, and that, upon information and belief, such transfer would have meshed with the schedule of her then-fiancée.

37.    Denied.

38.    Denied.

39.    Denied.  Sub-paragraphs (a) through (k) are also denied.

### Requisites

40.    The allegations contained in paragraph 40 consist of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 40 are denied.

41.    The allegations contained in paragraph 41 consist of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 41 are denied.

42.    The allegations of paragraph 42 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

## COUNT I – DISCRIMINATION
Title VII, 42 U.S.C. § 2000e *et seq.* and 19 *Del.C.* § 710 *et seq.*
Claims against City of Wilmington

43.    Defendants incorporate their responses to paragraphs 1-42 as if fully set forth herein.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

## COUNT II – RETALIATION
Title VII, 42 U.S.C. § 2000e *et seq.* and 19 *Del.C.* § 710 *et seq.*
Claims against City of Wilmington

49.    Defendants incorporate their responses to paragraphs 1-48 as if fully set forth herein.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

## COUNT III
42 U.S.C. § 1983 --Claims against Mr. Bukowski

55.    Defendants incorporate their responses to paragraphs 1-54 as if fully set forth herein.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT IV
### 42 U.S.C. § 1983 --Claims against City of Wilmington

61.    Defendants incorporate their responses to paragraphs 1-60 as if fully set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

## COUNT V
### State Law Claim – *Prima Facie* Tort

69.    Defendants incorporate their responses to paragraphs 1-68 as if fully set forth herein.

70.    Denied.  Subparagraphs (a) through (e) are also denied.

71.    Denied.

## COUNT VI
### State Law Claim – Battery

72.    Defendants incorporate their responses to paragraphs 1-71 as if fully set forth herein.

73.    Denied.

74.    Denied.

## COUNT VII
State Law Claim – Intentional Infliction of Emotional Distress

75.    Defendants incorporate their responses to paragraphs 1-74 as if fully set forth herein.

76.    Denied.

77.    Denied.

78.    Denied.

With respect to the paragraphs at the conclusion of the First Amended Complaint constituting Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state claims upon which relief could be granted.

2.    Plaintiff's tort claims are barred by the County and Municipal Tort Claims Act codified at 10 *Del.C.* § 4010, *et seq.*

3.    Plaintiff's claims are barred, in whole or in part, by the Delaware Workmen's Compensation Act codified at 19 *Del.C.* § 2301, *et seq*.

4.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of fraud, misrepresentation and unclean hands.

5.    Pursuant to 19 *Del.C.* § 714(c), Plaintiff's state discrimination claims are barred by plaintiff's election to prosecute her claims in a federal forum.

6.    Plaintiff's *prima facie* tort claim is barred because: 1) it conflicts with Delaware's employment at-will doctrine, and 2) the conduct complained of by Plaintiff, if true, falls within traditional categories of tort and is otherwise unlawful.

8

7.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

8.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches and estoppel.

9.     Plaintiff's claims under 42 U.S.C. § 1983 are preempted, in whole or in part, by Title VII, 42 U.S.C. § 2000e *et seq.*

10.     Counts I through IV are barred, in whole or in part, because any adverse employment actions suffered by plaintiff, if any, were the result of legitimate nondiscriminatory reasons.

11.     Plaintiff's claims against the City are barred because the City does not bear *respondeat superior* liability for the actions of its employees.

12.     Plaintiff's § 1983 claims against the City are barred because the City never adopted a policy to discriminate or retaliate against any minority group.

13.     Plaintiff's § 1983 claims against the City are barred because no official with final policy-making authority ratified any alleged conduct taken by Mr. Bukowski, even if true.

14.     Plaintiff's request for punitive damages should be denied because the conduct alleged in the First Amended Complaint does not justify such an award.

15.     Plaintiff's request for punitive damages under Title VII and § 1983 against the City of Wilmington should be denied because, as a municipal corporation, the City is not subject to such an award. *See* 42 U.S.C. § 1981a(b)(1).

16.     Plaintiff's § 1983 claims should be dismissed because no state action occurred.

17.    Plaintiff's Title VII and § 1983 claims are barred against the City because the City took reasonable care to prevent acts of discrimination, retaliation or sexual harassment, including the adoption of policies and providing training to all of its employees.

18.    Plaintiff failed to take advantage of any corrective and/or preventative opportunities made available by the City with regard to any alleged act of discrimination and/or retaliation.

19.    None of the allegations set forth in Plaintiff's First Amended Complaint constitutes a "materially adverse change" in employment.

20.    None of the allegations set forth in Plaintiff's First Amended Complaint constitutes a "tangible employment action."

21.    The City of Wilmington's remedial actions insulate it from liability because they were reasonably calculated to prevent further discrimination or harassment, if any.

22.    Defendants reserve the right to add, amend, clarify or modify its defenses and answers to conform to such facts as may be revealed through discovery or otherwise.

23.    Plaintiff failed to exhaust her administrative remedies.

DATED:    December 14, 2007          **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendants
City of Wilmington
and Kenneth Bukowski

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ELIZABETH A. HUOVINEN** | ) | |
| (f/k/a Elizabeth Taylor), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ca. No. 07-362 SLR |
| | ) | |
| **CITY OF WILMINGTON** and | ) | JURY TRIAL DEMANDED |
| **KENNETH BUKOWSKI,** | ) | |
| | ) | |
| Defendants. | ) | |

**REDLINED AMENDED ANSWER OF DEFENDANTS CITY OF WILMINGTON AND
KENNETH BUKOWSKI TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, City of Wilmington and Kenneth Bukowski (collectively "Defendants"), by

and through their undersigned attorneys, state for their **[Amended]** Answer to the First Amended

Complaint of Elizabeth A. Huovinen (f/k/a Elizabeth Taylor) ("Plaintiff"), as follows:

**The Parties**[1]

1.      Admitted in part, denied in part.  It is admitted that Plaintiff is employed as a

firefighter with the Wilmington Police Department.   Defendants are without knowledge or

information sufficient to form a belief as to the truth of the balance of the allegations set forth in

paragraph 1 and therefore deny them.

2.      Admitted.

3.      Denied as stated.  It is admitted only that Mr. Bukowski is a resident of the State

of Delaware and is currently employed as a lieutenant with the Wilmington Fire Department.

---

[1] The headings incorporated from the First Amended Complaint are incorporated herein for placement
purposes only and are not intended to be statements or admissions of Defendants.

## **Jurisdiction and Venue**

4.      Paragraph 4 of the First Amended Complaint consists of Plaintiff's legal conclusions and characterizations of her claims and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 4 are denied.

5.      Paragraph 5 of the First Amended Complaint consists of Plaintiff's legal conclusions and characterizations of her claims and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 4 are denied.

## **Background and Facts**

6.      Admitted in part, denied in part.   It is admitted that Plaintiff joined the Wilmington Fire Department in September 2002.  It is denied that Plaintiff is one of six women in the department.

7.      Admitted.

8.      Denied.

9.      Denied.

10.     The allegations of paragraph 10 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

11.     Denied.

12.     To the extent the allegations of paragraph 12 refer to written terms of a document, they are denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.  The balance of the allegations of paragraph 12 are denied.

13.    Admitted in part, denied in part.  It is admitted only that Plaintiff was transferred to Engine Station 6 and that her supervising officer was Lieutenant Martin.  The balance of the allegations of paragraph 13 are denied.

14.    Denied.  By way of further answer, no report relating to the alleged conduct was ever filed by Plaintiff.

15.    Denied as stated.

16.    Denied as stated.

17.    Denied.

18.    Denied as stated.  It is admitted that no action was taken against Lieutenant Bukowski.  It is denied that he took part in the alleged conduct.  By way of further answer, Plaintiff never reported the alleged conduct nor did she otherwise take advantage of any corrective and/or preventative opportunities made available by the City with regard to the alleged conduct.

19.    Denied.

20.    Denied.

21.    Admitted in part, denied in part.  It is admitted only that Mr. Bukowski was promoted from firefighter to lieutenant.  The balance of the allegations of paragraph 21 are denied.

22.    Denied.

23.    Denied.

24.    Denied as stated.  It is admitted only that Plaintiff reported for duty out of uniform on at least one occasion in violation of established rules and regulations.  By way of further answer, reasonable accommodations were always provided for Plaintiff to change into uniform.

3

25.    Denied as stated.  It is admitted only that Plaintiff took a wrong turn en route to fire scene which Mr. Bukowski, as her immediate supervisor, discussed with her.  The balance of the allegations of paragraph 25 are denied.

26.    Denied.

27.    Denied as stated.  It is admitted only that Mr. Bukowski discussed with Plaintiff the fact that she took the wrong route on the way to a fire scene.  The balance of the allegations are denied.

28.    Denied as stated.

29.    The allegations of paragraph 29 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.  By way of further answer, it is specifically denied that Plaintiff was subjected to a hostile and discriminatory environment as alleged in paragraph 29.

30.    The allegations of paragraph 30 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

31.    Denied as stated.  It is admitted only that both Plaintiff and Mr. Bukowski were transferred from Fire Station 6.

32.    Denied as stated.  It is admitted only that both Plaintiff and Mr. Bukowski were transferred from Fire Station 6.

33.    Denied.

34.    Denied as stated.  It is admitted only that Plaintiff and Mr. Bukowski were reassigned during the pendency of this litigation.

35.    Denied as stated.  It is admitted only that Plaintiff was transferred back to Station 6, Platoon B.

36.    Denied as stated.  It is admitted only that Plaintiff sought a transfer to platoon E6D, and that, upon information and belief, such transfer would have meshed with the schedule of her then-fiancée.

37.    Denied.

38.    Denied.

39.    Denied.  Sub-paragraphs (a) through (k) are also denied.

### Requisites

40.    The allegations contained in paragraph 40 consist of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 40 are denied.

41.    The allegations contained in paragraph 41 consist of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 41 are denied.

42.    The allegations of paragraph 42 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

## COUNT I – DISCRIMINATION
Title VII, 42 U.S.C. § 2000e *et seq.* and 19 *Del.C.* § 710 *et seq.*
Claims against City of Wilmington

43.    Defendants incorporate their responses to paragraphs 1-42 as if fully set forth herein.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

## COUNT II – RETALIATION
Title VII, 42 U.S.C. § 2000e *et seq.* and 19 *Del.C.* § 710 *et seq.*
Claims against City of Wilmington

49.    Defendants incorporate their responses to paragraphs 1-48 as if fully set forth herein.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

## COUNT III
42 U.S.C. § 1983 --Claims against Mr. Bukowski

55.    Defendants incorporate their responses to paragraphs 1-54 as if fully set forth herein.

56.    Denied.

57.    Denied.

6

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT IV
### 42 U.S.C. § 1983 --Claims against City of Wilmington

61.    Defendants incorporate their responses to paragraphs 1-60 as if fully set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

## COUNT V
### State Law Claim – *Prima Facie* Tort

69.    Defendants incorporate their responses to paragraphs 1-68 as if fully set forth herein.

70.    Denied.  Subparagraphs (a) through (e) are also denied.

71.    Denied.

## COUNT VI
### State Law Claim – Battery

72.    Defendants incorporate their responses to paragraphs 1-71 as if fully set forth herein.

73.    Denied.

74.    Denied.

## COUNT VII
### State Law Claim – Intentional Infliction of Emotional Distress

75.    Defendants incorporate their responses to paragraphs 1-74 as if fully set forth herein.

76.    Denied.

77.    Denied.

78.    Denied.

With respect to the paragraphs at the conclusion of the First Amended Complaint constituting Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state claims upon which relief could be granted.

2.    Plaintiff's tort claims are barred by the County and Municipal Tort Claims Act codified at 10 *Del.C.* § 4010, *et seq.*

3.    Plaintiff's claims are barred, in whole or in part, by the Delaware Workmen's Compensation Act codified at 19 *Del.C.* § 2301, *et seq.*

4.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of fraud, misrepresentation and unclean hands.

5.    Pursuant to 19 *Del.C.* § 714(c), Plaintiff's state discrimination claims are barred by plaintiff's election to prosecute her claims in a federal forum.

6.    Plaintiff's *prima facie* tort claim is barred because: 1) it conflicts with Delaware's employment at-will doctrine, and 2) the conduct complained of by Plaintiff, if true, falls within traditional categories of tort and is otherwise unlawful.

7. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches and estoppel.

9. Plaintiff's claims under 42 U.S.C. § 1983 are preempted, in whole or in part, by Title VII, 42 U.S.C. § 2000e *et seq.*

10. Counts I through IV are barred, in whole or in part, because any adverse employment actions suffered by plaintiff, if any, were the result of legitimate nondiscriminatory reasons.

11. Plaintiff's claims against the City are barred because the City does not bear *respondeat superior* liability for the actions of its employees.

12. Plaintiff's § 1983 claims against the City are barred because the City never adopted a policy to discriminate or retaliate against any minority group.

13. Plaintiff's § 1983 claims against the City are barred because no official with final policy-making authority ratified any alleged conduct taken by Mr. Bukowski, even if true.

14. Plaintiff's request for punitive damages should be denied because the conduct alleged in the First Amended Complaint does not justify such an award.

15. Plaintiff's request for punitive damages under Title VII and § 1983 against the City of Wilmington should be denied because, as a municipal corporation, the City is not subject to such an award. *See* 42 U.S.C. § 1981a(b)(1).

16. Plaintiff's § 1983 claims should be dismissed because no state action occurred.

17.    Plaintiff's Title VII and § 1983 claims are barred against the City because the City took reasonable care to prevent acts of discrimination, retaliation or sexual harassment, including the adoption of policies and providing training to all of its employees.

18.    Plaintiff failed to take advantage of any corrective and/or preventative opportunities made available by the City with regard to any alleged act of discrimination and/or retaliation.

19.    None of the allegations set forth in Plaintiff's First Amended Complaint constitutes a "materially adverse change" in employment.

20.    None of the allegations set forth in Plaintiff's First Amended Complaint constitutes a "tangible employment action."

21.    The City of Wilmington's remedial actions insulate it from liability because they were reasonably calculated to prevent further discrimination or harassment, if any.

22.    Defendants reserve the right to add, amend, clarify or modify its defenses and answers to conform to such facts as may be revealed through discovery or otherwise.

   **23.    [Plaintiff failed to exhaust her administrative remedies.]**

DATED:      December 14, 2007         **CITY OF WILMINGTON**


                                      /s/ Gary W. Lipkin
                                      Gary W. Lipkin (Bar I.D. No. 4044)
                                      Assistant City Solicitor
                                      City/County Building
                                      800 N. French Street
                                      Wilmington, DE 19801
                                      302.576.2187

                                      Attorney for Defendants
                                      City of Wilmington
                                      and Kenneth Bukowski