# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ELIZABETH A. HUOVINEN** (f/k/a Elizabeth Taylor), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Ca. No. 07-362 SLR |
| **CITY OF WILMINGTON** and **KENNETH BUKOWSKI**, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**DEFENDANTS CITY OF WILMINGTON AND KENNETH BUKOWSKI'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO AMEND THEIR ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**CITY OF WILMINGTON**
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendants City of
Wilmington and Kenneth Bukowski

DATED:      December 14, 2007

## **TABLE OF CONTENTS**

TABLE OF CITATIONS ..........................................................................................................ii

BACKGROUND ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

RULE 7.1.1 STATEMENT ................................................................................................... 6

## TABLE OF CITATIONS

### Cases

*Foman v. Davis*, 371 U.S. 178 (1962) ...............................................................................3

*Gadson v. City of Wilmington Fire Dep't*, 478 F. Supp. 2d 635 (D. Del. 2007)............................4

*Hall v. Operative Plasters' and Cement Masons' Int'l Local Union 143*,
      188 F. Supp. 2d 1013 (S.D. Ill. 2001) .................................................................................4

### Treatises and Other Authorities

3 Moore's Federal Practice § 15.14[1] (3d ed.)........................................................................3

Defendants, City of Wilmington ("City") and Kenneth Bukowski ("Bukowski") (collectively "Defendants") hereby move this Court for an Order permitting them to amend their Answer to Plaintiff's First Amended Complaint ("Complaint") to include the affirmative defense of failure to exhaust administrative remedies. The grounds in support of Defendants' motion are set forth as follows.

## BACKGROUND

This action is one in which the Plaintiff, a firefighter with the Wilmington Fire Department, alleges that she suffered discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1983. Plaintiff also alleges numerous common law torts based on the same underlying conduct. Prior to filing her Complaint in this Court, Plaintiff, as she must, filed two charges with the Delaware Department of Labor ("DDOL"), one for unlawful discrimination and one for unlawful retaliation.

In her Charge of Discrimination, Plaintiff's sole complaint was that Defendant Bukowski had subjected her to a form of hostile work environment gender-based harassment. (See Charge of Discrimination attached as Ex. "A") ("Charging Party states that she had had to endure verbal abuse including threats. Moreso, Charging Party states that based on sex she has been subjected to Bukowski screaming at her in an unnecessary [*sic*] loud tone of voice.") Aside from the allegation of gender-based harassment, her Charge contained no other claim of discrimination. In her later Charge of Retaliation, in which Plaintiff argued that her (and Bukowski's) temporary transfer to another fire station during the pendency of the underlying investigation of her claim of discrimination, was retaliatory and in violation of Title VII. (See Charge of Retaliation attached as Ex. "B") No other claim of discrimination or retaliation was contained in this

Charge.  As such, the only allegations brought in either of the two charges brought before the DDOL were for gender-based harassment and retaliation.

That fact notwithstanding, it has recently become evident, after conversations with opposing counsel and observing recent depositions, that Plaintiff intends on pursuing numerous other claims of discrimination; claims that were not first brought before the DDOL as required by law.  A non-exhaustive list of such claims includes: discriminatory failure to train,[1] discriminatory recruiting policies,[2] discriminatory housing and facilities[3] policies and sexual harassment.[4]

---

[1] The only allegations contained in the Complaint that relate to a supposed failure to train address conduct occurring solely in late 2003.  Since a claim based on conduct occurring this long ago would ordinarily be time-barred, Defendants originally believed that any failure to train allegations were included for background purposes only.  During recent conversations with Plaintiff's counsel, however, it has become apparent that Plaintiff intends on pursuing this claim.

[2] It is unclear if Plaintiff intends on pursuing some sort of claim against the City because of an alleged discriminatory recruiting policy.  No such allegations exist in plaintiff's Complaint but Plaintiff's counsel asked questions on this topic to each of the three witnesses that have been deposed so far.  (*See e.g.,* Deposition of Dave Morgan, pertinent portions attached as Ex. "C") ("Does the department do anything to foster or to recruit female firefighters?" . . . "Have any new females joined the fire department in the last year?)

[3] This claim, again, was not raised in a charge before the DDOL but Plaintiff asked numerous questions on the subject at recent depositions.  (*See, e.g.,* Deposition of Glen Milton, pertinent portions attached as Ex. "D") ("Are there any specific [sleeping] provisions made for female firefighters? . . . When firefighters arrive or have to change uniforms or whatever, what's the arrangement between make and female firefighters?)

[4] Although the Complaint does address conduct that *might*, if true, constitute sexual harassment, the conduct complained of appears to have occurred in the fall of 2004 (*see* Complaint, ¶¶ 14-17), and as such, would likely be time-barred from trial.  In any event, it does not appear that Plaintiff raised any claim of sexual harassment before the DDOL.  (*See* Ex. "A"; date of earliest discrimination taking place is identified as January 4, 2006).

## **ARGUMENT**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be given freely when justice so requires." "A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." 3 MOORE'S FEDERAL PRACTICE § 15.14[1] (3d ed.). A court may deny leave to amend only where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff [or defendant] may be a proper subject of relief [or defense], he ought to be afforded an opportunity to test his claim [or defense] on the merits." Id.

Here, no compelling reason exists to deny Defendants leave to amend their answer. The deadline for amending the pleadings in this case has not yet expired and the discovery cutoff is over two and a half months away. Indeed, the Plaintiff has not yet even served paper discovery. Under these circumstances, Plaintiff cannot reasonably argue that there has been undue delay. Nor can Plaintiff argue that she would be unfairly prejudiced by the amendment. No additional discovery need be obtained in relation to this purely legal defense; the entire basis of which arises out of the plain wording of Defendants' charges before the DDOL. In any event, to the extent additional discovery need be obtained -- although it is difficult to imagine why -- there, again, is over two and a half months remaining before the discovery deadline. Further, there is no evidence that the Defendants have acted in bad faith or in a dilatory fashion and we doubt that Plaintiff will claim anything to the contrary.

Lastly, this amendment would not be futile. It bears repeating that the only claims brought in Plaintiff's charges before the DDOL were for gender-based harassment and retaliation. (*See* Exs. "A" and "B"). To the extent that Plaintiff now intends on pursuing claims for discriminatory failure to train, discriminatory failure to recruit, sexual harassment or any other claim not initially pursued in her charges before the DDOL, Defendants can reasonably argue that those claims are barred. *See Gadson v. City of Wilmington Fire Dep't*, 478 F. Supp. 2d 635, 639 (D. Del. 2007) ("In order to file suit under Title VII, a complainant must first lodge a charge of discrimination with either the EEOC or the agency in his or her state responsible for investigating allegations of employment discrimination.")

This case is analogous factually and legally to that of *Hall v. Operative Plasters' and Cement Masons' Int'l Assn. Local Union 143*, 188 F. Supp. 2d 1013, 1018 (S.D. Ill. 2001). In *Hall*, the defendant in a Title VII discrimination case omitted the affirmative defense of failure to exhaust from its answer, and similarly failed to raise it on an earlier motion to dismiss. In holding that the *Hall* defendant had not waived the defense, the Court noted:

> In this case, the Court finds that allowing Local 143 to amend its answer to add the affirmative defense of failure to exhaust administrative remedies is appropriate. It would not cause any undue delay or prejudice any party because the parties agree on the relevant facts and do not need additional discovery on the issue. The issue is purely a question of law. Furthermore, there is no evidence of any bad faith or dilatory motive on the part of Local 143 in waiting until the summary judgment stage to raise the issue, and consideration of the issue will not delay the established trial date. In addition, there is no history of a failure to cure pleadings by prior amendments.

4

The holding in *Hall* applies with equal force here. In fact, a more compelling case for leave to amend should be granted in the instant case, as the defendant in *Hall* waited until the summary judgment stage to raise the affirmative defense, as opposed to the present action, where the discovery deadline is still months away. Under these circumstances, and mindful that courts generally support the resolution of claims and defenses on their merits, the Defendants respectfully request that they be permitted leave to amend their Answer to include the affirmative defense of failure to exhaust.[5]

DATED:        December 14, 2007          **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendants City of
Wilmington and Kenneth Bukowski

---

[5] Pursuant to Local District Court Rule 15.1, attached as Exs. "E" and "F" are copies of the proposed Amended Answer and a redlined version of the proposed Amended Answer.

# EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| X FEPA | 0(e0(e02(69(0 |
| X EEOC | 17C-2006-01112 |

**Delaware Department of Labor** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Elizabeth Taylor** | **(302) 425-5096** | **09-20-1980** |

Street Address                    City, State and ZIP Code

**615 South Union Street, Wilmington, DE 19805**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **CITY OF WILMINGTON** | **101 - 200** | **(302) 576-3950** |

Street Address                    City, State and ZIP Code

**Fire Department, 300 North Walnut Street, Wilmington, DE 19801**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **01-04-2006** | **06-07-2006** |

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Jurisdiction: Charging Party was employed at Respondent's Delaware facility as a Fire fighter since 9/16/2002

Charging Party's protected class: Sex (Female)

Adverse employment action: Harassment, Terms and Conditions of Employment

Brief statement of allegations: Charging Party alleges that based on sex she was discriminated against when she was subjected to harassment by the Respondent. Specifically, Charging Party alleges that her immediate supervisor Kenneth Bukowski has in the past and continues to subject her to harassment that includes physical touching such as hair pulling, etc. Further, Charging Party states that she has had to endure verbal abuse including threats. Moreso, Charging Party states that based on sex she has been subjected to Bukowski screaming at her in an unnecessary loud tone of voice. Charging Party alleges that she has complained to Respondent and Respondent has done nothing other then to instruct Charging Party to get a "Thicker skin".

Respondent's explanation: Get a "Thicker Skin"

Applicable law(s): Title VII of the Civil Rights Act of 1964, Delaware Discrimination Employment Act

Comparators(s) or other specific reason(s) for alleging discrimination: Charging Party alleges that based on sex she is being treated different. Charging Party states that she has had to endure ridicule and negative comments concerning her and others. Charging Party states that she has been threatened with individual implementation of departmental changes that would have a negative impact on her employment. Charging Party states that she has complained to the Respondent but based on sex no relief has been provided.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jun 26, 2006** *Date*   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT "B"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

**CHARGE OF DISCRIMINATION**

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:

[X] FEPA

[X] EEOC

Agency(ies) Charge No(s):

06110482W

17C-2007-00050

| Delaware Department of Labor | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Elizabeth Taylor** | **(302) 425-5096** | **09-20-1980** |

| Street Address | City, State and ZIP Code |
|---|---|
| **615 South Union Street, Wilmington, DE 19805** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CITY OF WILMINGTON FIRE DEPT** | **Unknown** | **(302) 571-4280** |

| Street Address | City, State and ZIP Code |
|---|---|
| **800 N FRENCH STREET, ATTN:MARTHA GIMBEL-LBR RELTNS, Wilmington, DE 19801** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: **08-02-2006**   Latest: **08-02-2006**

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Jurisdiction:** Charging Party was employed at Respondent's Delaware facility as a Fire Fighter since 9/16/2002

**Charging Party's protected class:** Retaliation

**Adverse employment action:** Harassment, Assignment

**Brief statement of allegations:** Charging Party states that based on retaliation she is being discriminated against. Specifically, Charging Party states that because she has filed a charge of discrimination on 6/26/06 complaining about her treatment with the DDOL the Respondent on 8/4/06 as their method of harassment and in retaliation reassigned Charging Party to a new Fire Station. Charging Party states that the new assignment because of its limitation has impeded her abilities to advance and grow within the Dept. Charging Party states that she complained to the Respondent about the transfer and the Respondent in further retaliation did not offer any explanation for the re-assignment.

**Respondent's explanation:** None given.

**Applicable law(s):** Title VII of the Civil Rights Act of 1964, Delaware Discrimination Employment Act

**Comparators(s) or other specific reason(s) for alleging discrimination:** Charging Party states that based on a protected category she complained to the Respondent by filing a charge of discrimination alleging poor treatment. Charging Party states that after she complained to the Respondent about her poor treatment nothing was done and that she was retaliated against by being subjected to further harassment and ultimately transfer.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Nov 06, 2006** Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 06110482W 17C-2007-00050 |

| Delaware Department of Labor | and EEOC |
|---|---|

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

no further information

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

BRENDA J SANDS
NOTARY PUBLIC-STATE OF DELAWARE
My Commission Expires 2/3/07

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

**Nov 06, 2006**

Date          Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

BJ Sands 11/6/06

# EXHIBIT "C"

DAVID MORGAN

---

**Page 1**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

- - -

ELIZABETH A. HUOVINEN :
(f/k/a Elizabeth Taylor), :

    Plaintiff,
            : C.A. No. 07-362 (SLR)

    v. :

CITY OF WILMINGTON and :
KENNETH BUKOWSKI, :

    Defendants. :

- - -

October 25, 2007

- - -

Deposition of DAVID MORGAN, held in the Law Offices of BIGGS & BATTAGLIA, located at 921 North Orange Street, Wilmington, Delaware, commencing approximately at 1:00 p.m. on the above date, before Holly J. Cross, a Registered Professional Reporter and Notary Public for the State of Delaware.

KARASCH & ASSOCIATES
REGISTERED PROFESSIONAL REPORTERS
PENNSYLVANIA and DELAWARE
(800) 621-5689

---

**Page 2**

1  APPEARANCES:
2
  BIGGS & BATTAGLIA
3  BY: STEVEN F. MONES, ESQUIRE
    921 North Orange Street
4    Wilmington, DE 19801
    Counsel for Plaintiff
5
6  CITY OF WILMINGTON LAW DEPARTMENT
  BY: GARY W. LIPKIN, ESQUIRE
7    City/County Building, 9th Floor
    800 North French Street
8    Wilmington, DE 19801
    Counsel for Defendants
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

---

**Page 3**

1  INDEX
2  THE WITNESS               PAGE
3  DAVID MORGAN
4    By Mr. Mones             4
5
6
7  EXHIBITS
8  MARKED  DESCRIPTION        PAGE
9  Morgan 1  Diagram         52
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

---

**Page 4**

1  - - -
2      DAVID MORGAN, having been duly sworn,
3  was examined and testified as follows:
4  - - -
5      EXAMINATION
6  BY MR. MONES:
7    Q  Good afternoon, Mr. Morgan.
8    A  Hi.
9    Q  My name is Steven Mones. I represent
10  the plaintiff in this case, Elizabeth Huovinen.
11    A  Okay.
12    Q  I know you just did it, but just for the
13  record, can you spell your name, please?
14    A  David, D-A-V-I-D, middle initial W,
15  Morgan, M-O-R-G-A-N.
16    Q  Can you tell me what your position is at
17  the Wilmington Fire Department?
18    A  Firefighter, 22 and three-quarter years
19  employed. I'm assigned to ladder company number 1.
20    Q  Where is that?
21    A  22nd and Tatnall Streets.
22    Q  So that is station --
23    A  4.
24    Q  Okay. How long have you been there?
25    A  Going on three years.

---

1 (Pages 1 to 4)

DAVID MORGAN

| | |
|---|---|
| 1    other -- I don't know in detail what she did, | 1    sick leave. She might be retiring. There's five. |
| 2    whether it was a lawyer or what. She's been pretty | 2    Q   Are any of those in senior positions? |
| 3    tight-lipped about it, and -- | 3    Captain? Battalion chief? Deputy -- |
| 4    Q   That's Ms. DeJesus-Tyson? | 4    A   No, all firefighters, rank and file. |
| 5    A   Yeah. | 5    Q   What about -- is it Elizabeth Tickner? |
| 6    Q   Do you know whether she made any formal | 6    A   I'm sorry. There's another one. She's |
| 7    or informal charges against him? | 7    a battalion chief, but she's been off duty for a |
| 8    A   Rumor has it that she went to the | 8    year or two sick. She might be retiring. She's |
| 9    battalion chief and then to the chief, deputy | 9    had an injury. |
| 10   chief, and that moment -- that -- supposedly the | 10   Q   So there's a total of six of who two are |
| 11   director that day. It was -- in the minute -- in | 11   off duty? |
| 12   the time of a couple of hours, Ken had everything | 12   A   Two are off and have been off for a |
| 13   in possession packed up and working at another | 13   while. I haven't seen their presence. |
| 14   station. | 14   Q   When did the department get its first |
| 15   Q   So it's your understanding that | 15   female firefighter? Do you remember? Has it been |
| 16   Lieutenant Bukowski has had two female firefighters | 16   during -- |
| 17   serve under him and he's had problems with both? | 17   A   1983, before I got on. I got hired in |
| 18   A   Yeah. | 18   '85, and there was one in my class. |
| 19   Q   One of which led to an immediate | 19   Q   In the past few years, has the number of |
| 20   transfer? | 20   female firefighters been the same, or has it gone |
| 21   A   Yes, yeah. | 21   up or down? Just to your knowledge. |
| 22   Q   Have you been asked questions about | 22   A   It's fluctuated. We were down one and |
| 23   Lieutenant Bukowski's conduct toward Ms. Huovinen | 23   then it went one, even out, five or six. '83, |
| 24   by Deputy Chief Kalinowski? | 24   there was two of them; '85 was the third, and it |
| 25   A   No, I have not. He's never approached | 25   looks like they hired one -- every time they hired |
| Page 37 | Page 39 |
| 1    me. | 1    one. |
| 2    Q   How about Chief Patrick? | 2    Q   Does the department do anything to |
| 3    A   No, I haven't. | 3    foster or to recruit female firefighters? |
| 4    Q   How about former Chief Ford? | 4    A   The only thing that I've seen is on the |
| 5    A   No. | 5    application. We encourage minorities, females to |
| 6    Q   How about -- is it Deputy Chief or | 6    apply. I don't think that they nurture the |
| 7    Battalion Chief Huelsenbeck? | 7    situation. I don't -- and when I say that, like |
| 8    A   Battalion chief. | 8    other departments in the nation do, they go to |
| 9    Q   -- Battalion Chief Huelsenbeck? | 9    female universities and look for the females that |
| 10   A   No. | 10   are more athletically inclined. It's been a known |
| 11   Q   Any of the top management of the fire | 11   thing to carry the burden -- the heavy workload |
| 12   department ask you any questions about your | 12   that we have at times. We don't do that. We're |
| 13   knowledge of the situation? | 13   very, very, in my assumption, minimal, if at all, |
| 14   A   No, they did not, no. There's nothing | 14   in that identity. |
| 15   verbal, nothing written. | 15   Q   Would you characterize the department as |
| 16   Q   Do you know how many people are in the | 16   welcoming or simply tolerating females? |
| 17   Wilmington Fire Department approximately? | 17   A   They tolerate them, because they're the |
| 18   A   What are we -- 171, 2, something like | 18   talk of the department. |
| 19   that, including the chief. | 19   Q   The talk of the department in -- |
| 20   Q   Do you know how many females there are | 20   A   Well, they're the talk of the department |
| 21   currently in the department? | 21   because of -- there's neither empathy or there's |
| 22   A   Let me count that for a minute. Beth | 22   neither sympathy. There is more of a chauvinistic |
| 23   Huovinen, Bev Welcher, Martina DeJesus-Tyson, | 23   approach, and I think people that we work with |
| 24   Ardith Hope Richardson. Hold on. That's a good | 24   refuse to know what's going on around the United |
| 25   question. Dawn Duckett, but she's on permanent | 25   States. |
| Page 38 | Page 40 |

10 (Pages 37 to 40)

# EXHIBIT "D"

GLENN MILTON

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

- - -

ELIZABETH A. HUOVINEN    :
(f/k/a Elizabeth Taylor), :
                          :
    Plaintiff,            :
                          : C.A. No. 07-362 (SLR)
    v.                    :
                          :
CITY OF WILMINGTON and    :
KENNETH BUKOWSKI,         :
                          :
    Defendants.          :

- - -

October 25, 2007

- - -

Deposition of GLENN MILTON, held in the
Law Offices of BIGGS & BATTAGLIA, located at
921 North Orange Street, Wilmington, Delaware,
commencing approximately at 10:05 a.m. on the above
date, before Holly J. Cross, a Registered
Professional Reporter and Notary Public for the
State of Delaware.

KARASCH & ASSOCIATES
REGISTERED PROFESSIONAL REPORTERS
PENNSYLVANIA and DELAWARE
(800) 621-5689

Page 1

---

APPEARANCES:

BIGGS & BATTAGLIA
BY: STEVEN F. MONES, ESQUIRE
921 North Orange Street
Wilmington, DE 19801
Counsel for Plaintiff

CITY OF WILMINGTON LAW DEPARTMENT
BY: GARY W. LIPKIN, ESQUIRE
City/County Building, 9th Floor
800 North French Street
Wilmington, DE 19801
Counsel for Defendants

Page 2

---

INDEX

THE WITNESS                    PAGE
GLENN MILTON
   By Mr. Mones                  4

EXHIBITS

MARKED   DESCRIPTION            PAGE
Milton 1 Diagram                90

Page 3

---

- - -
        GLENN MILTON, having been duly sworn,
was examined and testified as follows:
        - - -
        EXAMINATION
BY MR. MONES:
    Q    Good morning, Mr. Milton.
    A    Good morning.
    Q    My name is Steven Mones, and I represent
the plaintiff in this case, Elizabeth Huovinen.
        I know you've just done it off the
record, but for the purposes of making sure the
record is correct about your name, could you spell
your name?
    A    My first name is Glenn, G-L-E-N-N,
middle initial D, last name Milton, M-I-L-T-O-N.
    Q    We've never met or spoken before;
correct?
    A    No, we haven't.
    Q    Okay.  Are you employed with the
Wilmington Fire Department?
    A    Yes, I am.
    Q    And what is your position there?
    A    My position -- my assignment is
B platoon on tower 2.  My actual position varies

Page 4

1 (Pages 1 to 4)

GLENN MILTON

| | |
|---|---|
| 1 | practices? |
| 2 | **Q** Yes. |
| 3 | **A** No, sir. |
| 4 | **Q** Okay. You drew a diagram a few moments |
| 5 | ago of station 6. |
| 6 | **A** Yes, sir. |
| 7 | **Q** I'm not asking -- I'm not commenting |
| 8 | upon the art work. |
| 9 | **A** Thank you, sir. |
| 10 | **Q** But on this specific layout, you've |
| 11 | drawn one locker room and one bunk room. Are there |
| 12 | any others within that firehouse? |
| 13 | **A** From the diagram that I've given you, |
| 14 | the officers' quarters -- the two officers' |
| 15 | quarters at station 6 double as housing quarters |
| 16 | for those officers, so they do sleep in their -- |
| 17 | those offices. Other than that, the bunk room is |
| 18 | the only other sleeping quarters. |
| 19 | However, we do use the day room as an |
| 20 | area to sleep, because there is a position that we |
| 21 | must all work. It's called the watchman, which is |
| 22 | usually a two- to three-hour period during a day |
| 23 | schedule where we alternate; and there's a |
| 24 | firefighter at the watch desk, which is responsible |
| 25 | for all dispatches coming over the dispatch system |

Page 69

| | |
|---|---|
| 1 | for getting them to the officers promptly. |
| 2 | He's responsible for notifying any |
| 3 | personnel within the fire department, outside the |
| 4 | fire department, that comes into the station. At |
| 5 | the 2200, 2300 hour, the watchman is responsible |
| 6 | for securing the station for nighttime, and he is |
| 7 | responsible for dispatches and awaking the proper |
| 8 | crews associated to those dispatches. |
| 9 | So he -- that person, individual, |
| 10 | normally sleeps in the day room, and they could |
| 11 | be -- and other firefighters may sleep there as |
| 12 | well because of various reasons, namely because of |
| 13 | snoring factors, sir. |
| 14 | **Q** Are there any specific provisions made |
| 15 | for female firefighters? |
| 16 | **A** The only provision that's made as far as |
| 17 | female firefighters is -- sleeping quarters-wise, |
| 18 | sir? |
| 19 | **Q** Yes. |
| 20 | **A** In the bunk room in each station is a |
| 21 | partition made out of two-by-fours, and I believe |
| 22 | it's plywood, which sections off a corner of the |
| 23 | bunk room with a curtain. |
| 24 | **Q** How about the locker room? |
| 25 | **A** No, sir, there are not male or female |

Page 70

| | |
|---|---|
| 1 | designations as far as the locker room and the |
| 2 | adjacent bathrooms. |
| 3 | **Q** When firefighters arrive or have to |
| 4 | change uniforms or whatever, what's the arrangement |
| 5 | between male and female firefighters? |
| 6 | **A** Well, the arrangement is that one gives |
| 7 | preference to the other. If male firefighters are |
| 8 | present in the locker room and bunk room and the |
| 9 | female firefighter does come -- needs to access the |
| 10 | area, she usually calls down the hallway leading to |
| 11 | those rooms, and says, "I'm coming down. Is |
| 12 | anybody decent or undecent?" |
| 13 | And if there is or isn't, we acknowledge |
| 14 | by the proper acknowledgement. |
| 15 | **Q** How about the bathroom? How many |
| 16 | bathrooms are there for females versus males? |
| 17 | **A** There is no sex gender designations of |
| 18 | the bathrooms in the fire station, sir. |
| 19 | **Q** Are there any particular problems that |
| 20 | the male firefighters experience with the female |
| 21 | firefighters with respect to day-to-day activities? |
| 22 | **A** As far as -- |
| 23 | MR. LIPKIN: Objection; vague. |
| 24 | BY MR. MONES: |
| 25 | **Q** Just the living arrangements, sleeping, |

Page 71

| | |
|---|---|
| 1 | changing, and so forth. |
| 2 | **A** Well, that would be the one -- the using |
| 3 | of the bathroom, sir, because there are three |
| 4 | toilets and three showers in that bathroom; and if |
| 5 | there is a female firefighter on any working shift, |
| 6 | it's usually just one in that firehouse, so she |
| 7 | ties up three toilets and a shower, while we have |
| 8 | to wait until she comes out. |
| 9 | **Q** Do you know whether there's been an |
| 10 | investigation within the department of |
| 11 | Ms. Huovinen's allegations? |
| 12 | **A** The only knowledge I have is what I hear |
| 13 | through the rumor mill, sir. |
| 14 | **Q** What have you heard? |
| 15 | **A** That there is an ongoing investigation. |
| 16 | **Q** Do you know who's conducting the |
| 17 | investigation? |
| 18 | **A** No, I don't, sir. |
| 19 | **Q** Have you heard any of the results of the |
| 20 | investigation? |
| 21 | **A** No, I haven't, sir. |
| 22 | **Q** Have you been interviewed by anyone |
| 23 | within the department? |
| 24 | **A** Could you clarify? |
| 25 | **Q** Sure. Have you been interviewed by |

Page 72

18 (Pages 69 to 72)

# EXHIBIT "E"

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ELIZABETH A. HUOVINEN** | ) | |
| (f/k/a Elizabeth Taylor), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ca. No. 07-362 SLR |
| | ) | |
| **CITY OF WILMINGTON** and | ) | JURY TRIAL DEMANDED |
| **KENNETH BUKOWSKI,** | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ANSWER OF DEFENDANTS CITY OF WILMINGTON AND KENNETH
BUKOWSKI TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, City of Wilmington and Kenneth Bukowski (collectively "Defendants"), by
and through their undersigned attorneys, state for their Amended Answer to the First Amended
Complaint of Elizabeth A. Huovinen (f/k/a Elizabeth Taylor) ("Plaintiff"), as follows:

**The Parties**[1]

1.      Admitted in part, denied in part.  It is admitted that Plaintiff is employed as a
firefighter with the Wilmington Police Department.  Defendants are without knowledge or
information sufficient to form a belief as to the truth of the balance of the allegations set forth in
paragraph 1 and therefore deny them.

2.      Admitted.

3.      Denied as stated.  It is admitted only that Mr. Bukowski is a resident of the State
of Delaware and is currently employed as a lieutenant with the Wilmington Fire Department.

---

[1] The headings incorporated from the First Amended Complaint are incorporated herein for placement
purposes only and are not intended to be statements or admissions of Defendants.

## Jurisdiction and Venue

4.      Paragraph 4 of the First Amended Complaint consists of Plaintiff's legal conclusions and characterizations of her claims and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 4 are denied.

5.      Paragraph 5 of the First Amended Complaint consists of Plaintiff's legal conclusions and characterizations of her claims and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 4 are denied.

## Background and Facts

6.      Admitted in part, denied in part.  It is admitted that Plaintiff joined the Wilmington Fire Department in September 2002.  It is denied that Plaintiff is one of six women in the department.

7.      Admitted.

8.      Denied.

9.      Denied.

10.      The allegations of paragraph 10 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

11.      Denied.

12.      To the extent the allegations of paragraph 12 refer to written terms of a document, they are denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.  The balance of the allegations of paragraph 12 are denied.

13.     Admitted in part, denied in part.  It is admitted only that Plaintiff was transferred to Engine Station 6 and that her supervising officer was Lieutenant Martin.  The balance of the allegations of paragraph 13 are denied.

14.     Denied.  By way of further answer, no report relating to the alleged conduct was ever filed by Plaintiff.

15.     Denied as stated.

16.     Denied as stated.

17.     Denied.

18.     Denied as stated.  It is admitted that no action was taken against Lieutenant Bukowski.  It is denied that he took part in the alleged conduct.  By way of further answer, Plaintiff never reported the alleged conduct nor did she otherwise take advantage of any corrective and/or preventative opportunities made available by the City with regard to the alleged conduct.

19.     Denied.

20.     Denied.

21.     Admitted in part, denied in part.  It is admitted only that Mr. Bukowski was promoted from firefighter to lieutenant.  The balance of the allegations of paragraph 21 are denied.

22.     Denied.

23.     Denied.

24.     Denied as stated.  It is admitted only that Plaintiff reported for duty out of uniform on at least one occasion in violation of established rules and regulations.  By way of further answer, reasonable accommodations were always provided for Plaintiff to change into uniform.

3

25.    Denied as stated.  It is admitted only that Plaintiff took a wrong turn en route to fire scene which Mr. Bukowski, as her immediate supervisor, discussed with her.  The balance of the allegations of paragraph 25 are denied.

26.    Denied.

27.    Denied as stated.  It is admitted only that Mr. Bukowski discussed with Plaintiff the fact that she took the wrong route on the way to a fire scene.  The balance of the allegations are denied.

28.    Denied as stated.

29.    The allegations of paragraph 29 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.  By way of further answer, it is specifically denied that Plaintiff was subjected to a hostile and discriminatory environment as alleged in paragraph 29.

30.    The allegations of paragraph 30 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

31.    Denied as stated.  It is admitted only that both Plaintiff and Mr. Bukowski were transferred from Fire Station 6.

32.    Denied as stated.  It is admitted only that both Plaintiff and Mr. Bukowski were transferred from Fire Station 6.

33.    Denied.

34.    Denied as stated.  It is admitted only that Plaintiff and Mr. Bukowski were reassigned during the pendency of this litigation.

4

35.    Denied as stated.  It is admitted only that Plaintiff was transferred back to Station 6, Platoon B.

36.    Denied as stated.  It is admitted only that Plaintiff sought a transfer to platoon E6D, and that, upon information and belief, such transfer would have meshed with the schedule of her then-fiancée.

37.    Denied.

38.    Denied.

39.    Denied.  Sub-paragraphs (a) through (k) are also denied.

## Requisites

40.    The allegations contained in paragraph 40 consist of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 40 are denied.

41.    The allegations contained in paragraph 41 consist of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 41 are denied.

42.    The allegations of paragraph 42 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

## COUNT I – DISCRIMINATION
### Title VII, 42 U.S.C. § 2000e *et seq.* and 19 *Del.C.* § 710 *et seq.*
### Claims against City of Wilmington

43.    Defendants incorporate their responses to paragraphs 1-42 as if fully set forth herein.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

## COUNT II – RETALIATION
### Title VII, 42 U.S.C. § 2000e *et seq.* and 19 *Del.C.* § 710 *et seq.*
### Claims against City of Wilmington

49.    Defendants incorporate their responses to paragraphs 1-48 as if fully set forth herein.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

## COUNT III
### 42 U.S.C. § 1983 --Claims against Mr. Bukowski

55.    Defendants incorporate their responses to paragraphs 1-54 as if fully set forth herein.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT IV
### 42 U.S.C. § 1983 --Claims against City of Wilmington

61.    Defendants incorporate their responses to paragraphs 1-60 as if fully set forth

herein.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

## COUNT V
### State Law Claim – *Prima Facie* Tort

69.    Defendants incorporate their responses to paragraphs 1-68 as if fully set forth

herein.

70.    Denied.  Subparagraphs (a) through (e) are also denied.

71.    Denied.

## COUNT VI
### State Law Claim – Battery

72.    Defendants incorporate their responses to paragraphs 1-71 as if fully set forth

herein.

73.    Denied.

74.     Denied.

## COUNT VII
State Law Claim – Intentional Infliction of Emotional Distress

75.     Defendants incorporate their responses to paragraphs 1-74 as if fully set forth herein.

76.     Denied.

77.     Denied.

78.     Denied.

With respect to the paragraphs at the conclusion of the First Amended Complaint constituting Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state claims upon which relief could be granted.

2.     Plaintiff's tort claims are barred by the County and Municipal Tort Claims Act codified at 10 *Del.C.* § 4010, *et seq.*

3.     Plaintiff's claims are barred, in whole or in part, by the Delaware Workmen's Compensation Act codified at 19 *Del.C.* § 2301, *et seq*.

4.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of fraud, misrepresentation and unclean hands.

5.     Pursuant to 19 *Del.C.* § 714(c), Plaintiff's state discrimination claims are barred by plaintiff's election to prosecute her claims in a federal forum.

6.     Plaintiff's *prima facie* tort claim is barred because: 1) it conflicts with Delaware's employment at-will doctrine, and 2) the conduct complained of by Plaintiff, if true, falls within traditional categories of tort and is otherwise unlawful.

8

7.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

8.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches and estoppel.

9.    Plaintiff's claims under 42 U.S.C. § 1983 are preempted, in whole or in part, by Title VII, 42 U.S.C. § 2000e *et seq.*

10.    Counts I through IV are barred, in whole or in part, because any adverse employment actions suffered by plaintiff, if any, were the result of legitimate nondiscriminatory reasons.

11.    Plaintiff's claims against the City are barred because the City does not bear *respondeat superior* liability for the actions of its employees.

12.    Plaintiff's § 1983 claims against the City are barred because the City never adopted a policy to discriminate or retaliate against any minority group.

13.    Plaintiff's § 1983 claims against the City are barred because no official with final policy-making authority ratified any alleged conduct taken by Mr. Bukowski, even if true.

14.    Plaintiff's request for punitive damages should be denied because the conduct alleged in the First Amended Complaint does not justify such an award.

15.    Plaintiff's request for punitive damages under Title VII and § 1983 against the City of Wilmington should be denied because, as a municipal corporation, the City is not subject to such an award. *See* 42 U.S.C. § 1981a(b)(1).

16.    Plaintiff's § 1983 claims should be dismissed because no state action occurred.

9

17.    Plaintiff's Title VII and § 1983 claims are barred against the City because the City took reasonable care to prevent acts of discrimination, retaliation or sexual harassment, including the adoption of policies and providing training to all of its employees.

18.    Plaintiff failed to take advantage of any corrective and/or preventative opportunities made available by the City with regard to any alleged act of discrimination and/or retaliation.

19.    None of the allegations set forth in Plaintiff's First Amended Complaint constitutes a "materially adverse change" in employment.

20.    None of the allegations set forth in Plaintiff's First Amended Complaint constitutes a "tangible employment action."

21.    The City of Wilmington's remedial actions insulate it from liability because they were reasonably calculated to prevent further discrimination or harassment, if any.

22.    Defendants reserve the right to add, amend, clarify or modify its defenses and answers to conform to such facts as may be revealed through discovery or otherwise.

23.    Plaintiff failed to exhaust her administrative remedies.

DATED:    December 14, 2007            **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendants
City of Wilmington
and Kenneth Bukowski

10

# EXHIBIT "F"

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ELIZABETH A. HUOVINEN** | ) | |
| (f/k/a Elizabeth Taylor), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ca. No. 07-362 SLR |
| | ) | |
| **CITY OF WILMINGTON** and | ) | JURY TRIAL DEMANDED |
| **KENNETH BUKOWSKI**, | ) | |
| | ) | |
| Defendants. | ) | |

**REDLINED AMENDED ANSWER OF DEFENDANTS CITY OF WILMINGTON AND
KENNETH BUKOWSKI TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, City of Wilmington and Kenneth Bukowski (collectively "Defendants"), by

and through their undersigned attorneys, state for their **[Amended]** Answer to the First Amended

Complaint of Elizabeth A. Huovinen (f/k/a Elizabeth Taylor) ("Plaintiff"), as follows:

**The Parties**[1]

1.    Admitted in part, denied in part.  It is admitted that Plaintiff is employed as a

firefighter with the Wilmington Police Department.   Defendants are without knowledge or

information sufficient to form a belief as to the truth of the balance of the allegations set forth in

paragraph 1 and therefore deny them.

2.    Admitted.

3.    Denied as stated.  It is admitted only that Mr. Bukowski is a resident of the State

of Delaware and is currently employed as a lieutenant with the Wilmington Fire Department.

---

[1] The headings incorporated from the First Amended Complaint are incorporated herein for placement
purposes only and are not intended to be statements or admissions of Defendants.

**Jurisdiction and Venue**

4.      Paragraph 4 of the First Amended Complaint consists of Plaintiff's legal conclusions and characterizations of her claims and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 4 are denied.

5.      Paragraph 5 of the First Amended Complaint consists of Plaintiff's legal conclusions and characterizations of her claims and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 4 are denied.

**Background and Facts**

6.      Admitted in part, denied in part.   It is admitted that Plaintiff joined the Wilmington Fire Department in September 2002.  It is denied that Plaintiff is one of six women in the department.

7.      Admitted.

8.      Denied.

9.      Denied.

10.     The allegations of paragraph 10 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

11.     Denied.

12.     To the extent the allegations of paragraph 12 refer to written terms of a document, they are denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.  The balance of the allegations of paragraph 12 are denied.

13.    Admitted in part, denied in part.  It is admitted only that Plaintiff was transferred to Engine Station 6 and that her supervising officer was Lieutenant Martin.  The balance of the allegations of paragraph 13 are denied.

14.    Denied.  By way of further answer, no report relating to the alleged conduct was ever filed by Plaintiff.

15.    Denied as stated.

16.    Denied as stated.

17.    Denied.

18.    Denied as stated.  It is admitted that no action was taken against Lieutenant Bukowski.  It is denied that he took part in the alleged conduct.  By way of further answer, Plaintiff never reported the alleged conduct nor did she otherwise take advantage of any corrective and/or preventative opportunities made available by the City with regard to the alleged conduct.

19.    Denied.

20.    Denied.

21.    Admitted in part, denied in part.  It is admitted only that Mr. Bukowski was promoted from firefighter to lieutenant.  The balance of the allegations of paragraph 21 are denied.

22.    Denied.

23.    Denied.

24.    Denied as stated.  It is admitted only that Plaintiff reported for duty out of uniform on at least one occasion in violation of established rules and regulations.  By way of further answer, reasonable accommodations were always provided for Plaintiff to change into uniform.

3

25.    Denied as stated.  It is admitted only that Plaintiff took a wrong turn en route to fire scene which Mr. Bukowski, as her immediate supervisor, discussed with her.  The balance of the allegations of paragraph 25 are denied.

26.    Denied.

27.    Denied as stated.  It is admitted only that Mr. Bukowski discussed with Plaintiff the fact that she took the wrong route on the way to a fire scene.  The balance of the allegations are denied.

28.    Denied as stated.

29.    The allegations of paragraph 29 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.  By way of further answer, it is specifically denied that Plaintiff was subjected to a hostile and discriminatory environment as alleged in paragraph 29.

30.    The allegations of paragraph 30 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

31.    Denied as stated.  It is admitted only that both Plaintiff and Mr. Bukowski were transferred from Fire Station 6.

32.    Denied as stated.  It is admitted only that both Plaintiff and Mr. Bukowski were transferred from Fire Station 6.

33.    Denied.

34.    Denied as stated.  It is admitted only that Plaintiff and Mr. Bukowski were reassigned during the pendency of this litigation.

4

35.    Denied as stated.  It is admitted only that Plaintiff was transferred back to Station 6, Platoon B.

36.    Denied as stated.  It is admitted only that Plaintiff sought a transfer to platoon E6D, and that, upon information and belief, such transfer would have meshed with the schedule of her then-fiancée.

37.    Denied.

38.    Denied.

39.    Denied.  Sub-paragraphs (a) through (k) are also denied.

### Requisites

40.    The allegations contained in paragraph 40 consist of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 40 are denied.

41.    The allegations contained in paragraph 41 consist of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 41 are denied.

42.    The allegations of paragraph 42 refer to written terms of a document and are therefore denied as stated.  Defendants respectfully refer the Court to the document for its complete and accurate contents.

## COUNT I – DISCRIMINATION
Title VII, 42 U.S.C. § 2000e *et seq.* and 19 *Del.C.* § 710 *et seq.*
Claims against City of Wilmington

43.    Defendants incorporate their responses to paragraphs 1-42 as if fully set forth herein.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

## COUNT II – RETALIATION
Title VII, 42 U.S.C. § 2000e *et seq.* and 19 *Del.C.* § 710 *et seq.*
Claims against City of Wilmington

49.    Defendants incorporate their responses to paragraphs 1-48 as if fully set forth herein.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

## COUNT III
42 U.S.C. § 1983 --Claims against Mr. Bukowski

55.    Defendants incorporate their responses to paragraphs 1-54 as if fully set forth herein.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT IV
### 42 U.S.C. § 1983 --Claims against City of Wilmington

61.    Defendants incorporate their responses to paragraphs 1-60 as if fully set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

## COUNT V
### State Law Claim – *Prima Facie* Tort

69.    Defendants incorporate their responses to paragraphs 1-68 as if fully set forth herein.

70.    Denied.  Subparagraphs (a) through (e) are also denied.

71.    Denied.

## COUNT VI
### State Law Claim – Battery

72.    Defendants incorporate their responses to paragraphs 1-71 as if fully set forth herein.

73.    Denied.

74.    Denied.

## COUNT VII

State Law Claim – Intentional Infliction of Emotional Distress

75.    Defendants incorporate their responses to paragraphs 1-74 as if fully set forth herein.

76.    Denied.

77.    Denied.

78.    Denied.

With respect to the paragraphs at the conclusion of the First Amended Complaint constituting Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state claims upon which relief could be granted.

2.    Plaintiff's tort claims are barred by the County and Municipal Tort Claims Act codified at 10 *Del.C.* § 4010, *et seq.*

3.    Plaintiff's claims are barred, in whole or in part, by the Delaware Workmen's Compensation Act codified at 19 *Del.C.* § 2301, *et seq*.

4.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of fraud, misrepresentation and unclean hands.

5.    Pursuant to 19 *Del.C.* § 714(c), Plaintiff's state discrimination claims are barred by plaintiff's election to prosecute her claims in a federal forum.

6.    Plaintiff's *prima facie* tort claim is barred because: 1) it conflicts with Delaware's employment at-will doctrine, and 2) the conduct complained of by Plaintiff, if true, falls within traditional categories of tort and is otherwise unlawful.

7.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

8.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches and estoppel.

9.     Plaintiff's claims under 42 U.S.C. § 1983 are preempted, in whole or in part, by Title VII, 42 U.S.C. § 2000e *et seq.*

10.     Counts I through IV are barred, in whole or in part, because any adverse employment actions suffered by plaintiff, if any, were the result of legitimate nondiscriminatory reasons.

11.     Plaintiff's claims against the City are barred because the City does not bear *respondeat superior* liability for the actions of its employees.

12.     Plaintiff's § 1983 claims against the City are barred because the City never adopted a policy to discriminate or retaliate against any minority group.

13.     Plaintiff's § 1983 claims against the City are barred because no official with final policy-making authority ratified any alleged conduct taken by Mr. Bukowski, even if true.

14.     Plaintiff's request for punitive damages should be denied because the conduct alleged in the First Amended Complaint does not justify such an award.

15.     Plaintiff's request for punitive damages under Title VII and § 1983 against the City of Wilmington should be denied because, as a municipal corporation, the City is not subject to such an award.  *See* 42 U.S.C. § 1981a(b)(1).

16.     Plaintiff's § 1983 claims should be dismissed because no state action occurred.

17.    Plaintiff's Title VII and § 1983 claims are barred against the City because the City took reasonable care to prevent acts of discrimination, retaliation or sexual harassment, including the adoption of policies and providing training to all of its employees.

18.    Plaintiff failed to take advantage of any corrective and/or preventative opportunities made available by the City with regard to any alleged act of discrimination and/or retaliation.

19.    None of the allegations set forth in Plaintiff's First Amended Complaint constitutes a "materially adverse change" in employment.

20.    None of the allegations set forth in Plaintiff's First Amended Complaint constitutes a "tangible employment action."

21.    The City of Wilmington's remedial actions insulate it from liability because they were reasonably calculated to prevent further discrimination or harassment, if any.

22.    Defendants reserve the right to add, amend, clarify or modify its defenses and answers to conform to such facts as may be revealed through discovery or otherwise.

**23.    [Plaintiff failed to exhaust her administrative remedies.]**

DATED:    December 14, 2007             **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendants
City of Wilmington
and Kenneth Bukowski

## RULE 7.1.1 STATEMENT

Pursuant to Local District Court Civil Rule 7.1.1, I hereby certify that I have made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in this motion.

/s/ Gary W. Lipkin (De Bar I.D. No. 4044)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ELIZABETH A. HUOVINEN** | ) | |
| (f/k/a Elizabeth Taylor), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ca. No. 07-362 SLR |
| | ) | |
| **CITY OF WILMINGTON** and | ) | JURY TRIAL DEMANDED |
| **KENNETH BUKOWSKI**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 200_, after considering Defendants' Motion to Amend Their Answer to Plaintiff's First Amended Complaint, and any response thereto, it is hereby ordered that the motion is GRANTED.

_____

The Honorable Sue L. Robinson

## CERTIFICATE OF SERVICE

I, Gary W. Lipkin, do hereby certify that on December 14, 2007, I caused to be

served a copy of the foregoing document on the following counsel of record via e-filing:

Steven F. Mones, Esq.
Biggs and Battaglia
921 Orange St.
Wilmington, DE 19899

/s/ Gary W. Lipkin (De Bar I.D. No. 4044)